Harvey S. Mars, Esq.
HSM (6107)
Law Office of Harvey S. Mars LLC
322 West 48th Street
New York, N.Y. 10036
(212) 765-4300
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
Richard Stall,                                                          :
                                                                        :
                         Plaintiff,                  :
                                                                        :
                                                                        :       **COMPLAINT**
       vs.                                                              :
                                                                        :       **04 Civ.**
Marsh & McLennan Co., Matthew Bartley                                   :
& Alan Bieler,                                                          :
                                                                        :       **Plaintiff Demands**
                        Defendants.                 :       **a Jury Trial**
                                                                        :
------------------------------------------------------------------------x

       Plaintiff, Richard Stall ("Stall" or "Plaintiff"), by his attorney Law Office of Harvey S. Mars LLC, as and for his Complaint against Marsh & McLennan Co. ("MMC"), Matthew Bartley ("Bartley") and alan Bieler ("Bieler") (Jointly referred to herein as "defendants") allege as follows:

### NATURE OF ACTION

       1. This action is brought to remedy defendants' discrimination against plaintiff in the terms, conditions, and privileges of his employment on the basis of his disability and/or perceived disability in violation of the Americans with Disabilities Act ("ADA"), as codified in

42 U.S.C. §§ 12101-12213.

2. Injunctive and declaratory relief, damages, and other appropriate legal and equitable remedies are sought pursuant to Title VII.

## JURISDICTION AND VENUE

3. Plaintiff filed a charge with the Office of the Equal Employment Opportunity Commission ("EEOC") on or about December 10, 2003 (Charge No. 160-2004-00774) complaining of the particular acts of disability discrimination alleged herein. Since this charge was filed with the EEOC, it was administratively considered to be filed with the New York State Division of Human Rights as well. Plaintiff has fully complied with the administrative prerequisites required by the ADA.

4. By letter dated April 29, 2004, the EEOC provided a right to sue letter so that an action on the claim alleged in the charge could be brought in U.S. District Court. A copy of Plaintiff's right to sue letter is appended hereto as Exhibit "A." Less than 90 days has elapsed from the issuance of Plaintiff's right to sue letter until the filing of the complaint.

5. This Court has jurisdiction over plaintiff's Title VII and ADEA claims pursuant to 28 U.S.C. §§1331 and 1343(a)(4). This Court has jurisdiction over the state law claims pursuant to its supplemental and pendent jurisdiction arising under 28 U.S.C. §1367.

6. Venue is proper in the Southern District of New York because the unlawful employment practices complained of occurred within this district.

## THE PARTIES

7. Upon information and belief, Defendant MMC was and is, during the time period

relevant to this suit, a for-profit, United States corporation, doing business at 1166 Avenue of the Americas, New York, New York 10036. Upon information and belief, MMC provides financial consulting services.

8. Defendant Bartley, for all time periods relevant to this suit, was and is the Treasurer of MMC.

9. Defendant Bieler, for all time periods relevant to this suit, was and is the Assistant Treasurer of MMC.

10. Since February 5, 2001, Stall was employed as the Corporate Finance Manger with MMC. He resides at 365 West 28th Street, Apt. 14G.

**FACTS**

11. After several days of feeling increasingly ill and tired, on or about June 24, 2003, Stall was examined by his physician and diagnosed with Hepatitis A.

12. That day, Stall advised his immediate supervisor, Bieler, of his physical condition. At that time Bieler asked plaintiff, among other things, how he thought he had contracted the illness, how long he would be out and whether his personnel computer was hooked up at home so that he could work at home. Stall responded only that he knew that he would at least be out the remainder of the week.

13. Shortly thereafter, Stall was contacted by MMC's Human Resource ("HR") Department who advised him that he had been placed on short term disability leave, even though Stall had not actually requested that his be done.

14. While Stall was out, Bieler called him almost on a daily basis to ask him work related

questions and to find out when he would be returning to work, despite the fact that Stall was still too ill to get out of bed. Bieler also made it clear that he expected Stall to be working from home.

15.  Stall's doctor advised him that he must stay home from work for several weeks or he would suffer permanent liver damage.

16.  Stall worked as best as he could from home. However, Bieler still contacted him on a daily basis to pressure him to return to work.

17.  On July 21, 2003, due to continued pressure from Bieler, Stall's physician authorized him to return to work on a part-time schedule.

18.  Unfortunately, because of his lingering illness, Stall was not capable of actually returning to work until August 25, 2003.

19.  When Stall returned to work on July 25, 2003, Bartley came into his office and said to him "you don't look sick at all", as though his illness was just a fabrication.

20.  After Stall returned to work, his was constantly being berated by Bieler and Bartley for minor incidents which previously were not a concern. Stall would receive nasty and derogatory e-mails from them and was required to perform additional superficial tasks which were never required of him.

21.  As a result of his supervisor's mistreatment of him, Stall decided to lodge a complaint with MMC's HR Department so that the conduct would cease. As a result of several meetings he had with MMC's HR Department concerning this issue, Stall was given the option of resigning with a severance package.

22.  Stall attempted to negotiate a satisfactory severance package, but when he was unable

to do so he requested to be reinstated. Rather than reinstating him, MMC advised Stall that he had been terminated.

### FIRST CLAIM FOR RELIEF – ADA

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1-22 above.

24. In violation of Title VII, the Americans With Disabilities Act, MMC refused to grant plaintiff a reasonable accommodation which would have enabled plaintiff to perform the essential functions of his job and ultimately fired plaintiff in whole or in part due to his disability.

25. Plaintiff is now suffering and will continue to suffer irreparable injury from defendant's willful discriminatory conduct.

26. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer emotional and monetary damages.

27. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

**WHEREFORE**, plaintiff requests that this Court enter judgment in his favor:

a. Declaring the acts complained of to be in violation of the ADA;

b. Enjoining and restraining defendants from any further violations of the ADA;

c. Directing defendants to take such affirmative steps as are necessary to ensure that the effects of their unlawful employment practices are eliminated;

d. Directing defendants to make plaintiff whole for all earnings, compensation and benefits which he would have received but for defendants' discriminatory and otherwise

wrongful actions, including, but not limited to wages, supplements, bonuses, service pension, severance benefits, stock options and stock shares, medical insurance, life insurance and other lost benefits together with interest thereon;

 e.  Awarding plaintiff any and all amounts owing to him that have been withheld in violation of the ADA together with interest thereon;

 f.  Awarding plaintiff compensatory damages, including pain and suffering and emotional distress;

 g.  Awarding plaintiff the costs of this action, together with attorneys' fees and disbursements to the fullest extent permitted by law; and

 h.  Granting plaintiff such other and further relief as to this Court appears just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff hereby demands a trial by jury in this action of all issues so triable.

Dated: New York, New York
   July 22, 2004

         Law Office of Harvey S. Mars LLC

         By:_____
           Harvey S. Mars
           HSM (6107)
           322 West 48th Street
           Sixth Floor
           New York, N.Y. 10036
           (212) 765-4300

Harvey S. Mars, Esq.
HSM (6107)
Law Office of Harvey S. Mars LLC
322 West 48th Street
New York, N.Y. 10036
(212) 765-4300
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
Richard Stall,

                Plaintiff,                **STATEMENT REGARDING INTERESTED PARTIES**

              vs.

Marsh & McLennan Co., Matthew Bartley       **04 Civ.**
& Alan Bieler,

               Defendants.
------------------------------------------------------------------------x

        Pursuant to the General Rules of the Southern District of New York and to enable judges and magistrate judges of this Court to evaluate their possible disqualification or recusal, the undersigned counsel of record for plaintiff certifies that the following are publicly held corporate parents, subsidiaries, or affiliates of that party.

                Not Applicable

July 22, 2004

                                    _____
                                    Harvey S. Mars, Esq.
                                    HSM [6107]
                                    322 West 48th Street
                                    Sixth Floor
                                    New York, N.Y. 10036
                                    (212) 765-4300