ORIGINAL

ALLAN S. BLOOM (AB-4125)
ANDREW L. GURMAN (AG-2086)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD STALL,

Plaintiff,

v.

MARSH & MCLENNAN CO.,
MATTHEW BARTLEY and ALAN BIELER,

Defendants.

04 Civ. 5781 (VM)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... i

PRELIMINARY STATEMENT .......... 1

FACTS .......... 3

ARGUMENT .......... 5

I. THE COURT SHOULD DISMISS OR STAY THIS ACTION BECAUSE THERE IS A PRIOR ACTION PENDING IN ANOTHER COURT BETWEEN THE SAME PARTIES ON THE SAME ISSUES .......... 5

II. THE COURT SHOULD DISMISS PLAINTIFF'S REASONABLE ACCOMMODATION CLAIM BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES .......... 9

III. THE COURT SHOULD DISMISS THIS ACTION AGAINST BIELER AND BARTLEY BECAUSE THERE IS NO INDIVIDUAL LIABILITY UNDER THE ADA .......... 11

CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## CASES

Bacot v. N.Y. State Dep't of Soc. Servs.,
746 F. Supp. 388 (S.D.N.Y. 1990) ........................................8

Butts v. City of New York Dep't of Hous.,
990 F.2d 1397 (2d Cir. 1993)........................................9

Cerrato v. Durham,
941 F. Supp. 388 (S.D.N.Y. 1996) ........................................11

Colo. River Water Conservation Dist. v. United States,
424 U.S. 800 (1976)........................................5, 6, 8

Cooney v. Consol. Edison,
220 F. Supp. 2d 241 (S.D.N.Y. 2002)........................................9

Corr. v. MTA Long Island Bus,
27 F. Supp. 2d 359 (E.D.N.Y. 1998),
aff'd, 199 F.3d 1321, 1999 WL 980960 (2d Cir. Oct. 7, 1999) (table decision)................11

De Cisneros v. Younger,
871 F.2d 305 (2d Cir. 1989)........................................6, 7

Green v. Nat'l Steel Corp.,
197 F.3d 894 (7th Cir. 1999) ........................................10

Gregory v. Daly,
243 F.3d 687 (2d Cir. 2001)........................................8

Huskins v. Pepsi Cola of Odgensburg Bottlers,
180 F. Supp. 2d 347 (N.D.N.Y. 2001)........................................10

Johns-Davila v. City of New York,
No. 99 Civ. 1885 (RMB), 2000 WL 1725418 (S.D.N.Y. Nov. 20, 2000)..........................7

Johnson v. City of New York,
326 F. Supp. 2d 364 (E.D.N.Y. 2004) ........................................11

Jones v. Sumser Ret. Vill.,
209 F.3d 851 (6th Cir. 2000) ........................................10

Kent v. New York City,
No. 80 Civ. 3114 (LBS), 1980 WL 261 (S.D.N.Y. Oct. 21, 1980) ....................................8

Marshall v. Fed. Express Corp.,
130 F.3d 1095 (D.C. Cir. 1997)........................................10

Mayers v. Washington Adventist Hosp.,
131 F. Supp. 2d 743 (D. Md. 2001) ....................10

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
460 U.S. 1 (1983) ....................5, 7

Pal v. Sinclair,
90 F. Supp. 2d 393 (S.D.N.Y. 2000) ....................1

Questech Capital Corp. v. Flight Dynamics, Inc.,
No. 83 Civ. 6986 (GLG), 1984 WL 327 (S.D.N.Y. May 7, 1984) ....................1

Reeves v. Johnson Controls World Servs., Inc.,
140 F.3d 144 (2d Cir. 1998) ....................7

Riddell Sports, Inc. v. Sport Supply Group, Inc.,
No. 93 Civ. 8040 (JSM), 1994 WL 86407 (S.D.N.Y. Mar. 15, 1994) ....................6

Rohan v. Networks Presentation LLC,
175 F. Supp. 2d 806 (D. Md. 2001) ....................10

Romain v. Ferrara Bros. Bldg. Materials Corp.,
No. 97-CV-4001 (FB), 2004 WL 1179352 (E.D.N.Y. May 28, 2004) ....................10

Santos v. City of New York,
No. 01 Civ. 0120 (SAS), 2001 WL 1568813 (S.D.N.Y. Dec. 7, 2001) ....................11

Tewksbury v. Ottaway Newspapers,
192 F.3d 322 (2d Cir. 1999) ....................10

Tomka v. Seiler Corp.,
66 F.3d 1295 (2d Cir. 1995) ....................11

Weissman v. Dawn Joy Fashions, Inc.,
214 F.3d 224 (2d Cir. 2000) ....................6, 7

Woodford v. Cmty. Action Agency of Greene County, Inc.,
239 F.3d 517 (2d Cir. 2001) ....................8, 9

**STATUTES**

42 U.S.C. § 12102(2)(a) ....................6

42 U.S.C. § 12177(a) ....................10

N.Y. City Admin. Code § 8-102(16)(a) ....................6

N.Y. City Admin. Code § 8-120(a)(2) ....................8

N.Y. City Admin. Code § 8-502(f) ....................8

N.Y. Exec. Law § 292(21) .......... 6

N.Y. Exec. Law § 297(4)(c)(ii) .......... 8

N.Y. Exec. Law § 297(4)(c)(iii) .......... 8

**MISCELLANEOUS**

Fed. R. Civ. P. 12(b) .......... 1

Defendants Marsh & McLennan Companies, Inc. ("MMC"), Matthew Bartley, and Alan Bieler (collectively, "Defendants"), submit this Memorandum of Law in support of their motion for an Order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure ("Federal Rules") (1) dismissing or, alternatively, staying this action in its entirely until final adjudication of Plaintiff's concurrent state court action, (2) dismissing that part of Plaintiff's claim seeking relief for failure to provide a reasonable accommodation, and (3) dismissing Plaintiff's claim as against the individual defendants.[1]

## PRELIMINARY STATEMENT

In this action, Plaintiff, Richard Stall, claims that his former employer, MMC, violated the Americans With Disabilities Act (the "ADA") when it failed to reasonably accommodate his alleged disability and subsequently terminated his employment.[2] Over seven months before he filed this action, Plaintiff commenced an action in New York State Supreme Court (the "State Action") containing identical factual allegations as those complained of here, and legal claims for discrimination, a hostile work environment, retaliation, and discharge on the

---

[1] Defendants submit this Memorandum of Law and the accompanying motion papers in lieu of filing an answer. See Questech Capital Corp. v. Flight Dynamics, Inc., No. 83 Civ. 6986 (GLG), 1984 WL 327, at *4 n.1 (S.D.N.Y. May 7, 1984) (finding that defendant's motion to stay the proceedings until final adjudication of a concurrent state court action "tolled its time to answer or otherwise move with respect to the complaint."); see also Pal v. Sinclair, 90 F. Supp. 2d 393, 399 (S.D.N.Y. 2000) (noting that defendants properly filed a motion to stay a district court action "in lieu of" filing an answer); Fed. R. Civ. P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."). Copies of all unreported decisions are included in the Compendium of Unreported Decisions filed herewith.

[2] See generally Plaintiff's July 22, 2004 Complaint in this action ("Fed. Compl."), a copy of which is attached as Exhibit 1 to the accompanying Affirmation of Andrew L. Gurman ("Gurman Aff.").

basis of disability under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law (collectively, the "NYCHRL").[3]

The Court should exercise its authority to dismiss or, alternatively, to stay this federal action pending resolution of the State Action because of the sheer waste of resources that proceeding with both actions at the same time would entail. Discovery has significantly advanced in the State Action, and is scheduled to conclude on November 12, 2004, after which Defendants will move for summary judgment. The resolution of the State Action could preclude Plaintiff's claim in this Court because the definitions of "disability" under the NYSHRL and NYCHRL are markedly broader than under the ADA. Were the State Supreme Court to find, for example, that Plaintiff was not "disabled" within the meaning of the NYSHRL or NYCHRL, which Defendants intend to argue in their summary judgment motion, it would follow necessarily that Plaintiff would not be protected by the ADA.

Moreover, were Plaintiff to succeed in the State Action, he would be entitled to greater relief under the NYSHRL and NYCHRL than he would be entitled to under the ADA, including against the individual defendants. Indeed, if successful before the State Supreme Court, any additional relief Plaintiff would seek to recover in this Court would be cumulative and improper. Accordingly, it makes little sense to proceed in this Court until the State Action is resolved by motion or trial.

Independently, the Court should dismiss Plaintiff's claim for failure to reasonably accommodate his alleged disability because Plaintiff failed to raise this claim or anything "reasonably related" to it in the Charge of Discrimination (the "EEOC Charge") he submitted to

---

[3] See Plaintiff's December 10, 2003 Complaint in the State Supreme Court ("State Compl."), a copy of which is attached as Exhibit 2 to the Gurman Affirmation.

the United States Equal Employment Opportunity Commission ("EEOC"). Finally, the Court should dismiss Plaintiff's claims against the individual defendants because the ADA, as a matter of law, does not provide for individual liability.

**FACTS**

On December 10, 2003, Plaintiff commenced the State Action against Defendants, asserting claims under the New York State and City human rights laws for discrimination, a hostile work environment, retaliation, and discharge on the basis of an alleged disability. (State Compl. ¶¶ 19-30.) In his State Complaint, Plaintiff, a former MMC employee, alleges that on or about June 24, 2003, he was diagnosed with Hepatitis A and was placed by MMC on short term disability leave (Id. ¶¶ 7-9); that upon his return to work in August 2003, Defendants (and fellow MMC employees) Bartley and Bieler berated him, sent him derogatory e-mails, and required him to perform superficial tasks that had not been required of him previously (Id. ¶ 16); that he complained to MMC's Human Resources Department (Id. ¶ 17); and that he was ultimately terminated (Id. ¶ 18). Plaintiff's Complaint in the State Action asserts no federal claims.

On December 16, 2003, Plaintiff filed his EEOC Charge.[4] The allegations in the EEOC Charge are virtually identical to those in the State Complaint. Notably, Plaintiff does not allege in the Charge (or in the State Complaint) that MMC refused to provide him with a reasonable accommodation.

---

[4] A copy of the EEOC Charge is attached as Exhibit 3 to the Gurman Affirmation.

Discovery in the State Action concludes on November 12, 2004 and the parties are to certify their readiness for trial on or before November 15, 2004.[5] The depositions of Plaintiff, Bartley, and Bieler have all been completed, as has the exchange of written discovery and documents.[6] All that remains before the filing of dispositive motions or trial are the September 29, 2004 deposition of another MMC employee, Kate Teitel; the deposition of Plaintiff's treating physician, Dr. Bernard Bihari; and Plaintiff's mental examination, the application to compel which is pending.[7] Indeed, as the Supreme Court noted on September 15, 2004, the "[p]arties consider discovery to be substantially completed."[8]

On April 29, 2004, the EEOC issued Plaintiff a Dismissal and Notice of Rights, closing its investigation of the Charge on the basis that the matter was already pending in the State Supreme Court and informing Plaintiff that any federal claims under the ADA must be filed (in federal or state court) within 90 days.[9] On July 26, 2004, Plaintiff filed his federal Complaint in this action, asserting a claim under the ADA for termination as a result of his alleged disability and for failure to provide a reasonable accommodation.[10] Notably, Plaintiff waited 88 (of the permitted 90) days after the EEOC issued the Dismissal and Notice of Rights to file his federal claim, allowing the majority of discovery to conclude in the State Action. Plaintiff also elected not to add his ADA claim to the State Action, even though the very issues

---

[5] See the Supreme Court's March 31, 2004 Preliminary Conference Order, a copy of which is attached as Exhibit 4 to the Gurman Affirmation.

[6] See the Supreme Court's September 15, 2004 Status Conference Order, a copy of which is attached as Exhibit 5 to the Gurman Affirmation, at 2.

[7] Id.

[8] Id.

[9] A copy of the Dismissal and Notice of Rights is attached as Exhibit 6 to the Gurman Affirmation.

[10] See Ex. 1 to Gurman Aff. at ¶ 24.

raised in that claim – namely, whether Defendants discriminated against Plaintiff on the basis of his alleged disability – were (and are) before the Supreme Court.

## ARGUMENT

## I

## THE COURT SHOULD DISMISS OR STAY THIS ACTION BECAUSE THERE IS A PRIOR ACTION PENDING IN ANOTHER COURT BETWEEN THE SAME PARTIES ON THE SAME ISSUES

In the interests of judicial economy and efficiency, and because Plaintiff's rights are being fully adjudicated in the State Supreme Court, the Court should abstain from proceeding with this action and either dismiss or stay these proceedings until the resolution of the State Action. Having had the opportunity to add his ADA claim to the State Action, Plaintiff's decision to wait until discovery in that action had been substantially completed and then file a plenary action in this Court on the same facts is nothing more than a litigation tactic, obviously intended to multiply defense costs and pressure Defendants into accepting Plaintiff's unrealistic settlement demands. The Court should not conscience such wasteful measures, especially where Plaintiff's success or failure in the Supreme Court would have a profound effect on his ability to recover on his federal claim.

The Supreme Court has established a doctrine by which federal courts may abstain from hearing certain actions where they are similar to pending state court actions. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1976); see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983). In Colorado River, the Supreme Court noted that the principles underlying this doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive

disposition of litigation." 424 U.S. at 817 (quotations omitted). To determine whether to abstain from hearing a case, the district court must examine six factors: (1) whether either the state or the federal court assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which the courts obtained jurisdiction; (5) whether federal law or state law provides the rule of decision; and (6) whether the state action will adequately protect the federal plaintiff's rights. See De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989). No one factor is dispositive; the district court must balance the factors in determining whether to abstain from hearing the action. Id.; see also Colorado River, 424 U.S. at 818-819.

A balancing of these factors here favors abstention. When analyzing the third factor – the avoidance of piecemeal litigation – courts place weight on "the value of judicial economy" and the importance of "avoid[ing] duplicative simultaneous litigation." De Cisneros, 871 F.2d at 308; see also Riddell Sports, Inc. v. Sport Supply Group, Inc., No. 93 Civ. 8040 (JSM), 1994 WL 86407, at *1 (S.D.N.Y. Mar. 15, 1994) (noting the "serious risk of ... duplicative litigation"). If the federal action were to proceed, the Court's and the parties' resources would be unnecessarily wasted, including by conferences, the re-depositions of all parties, duplicative written discovery, and other pre-trial procedures and motions.

As mentioned above, because the definitions of "disability" under the NYSHRL and NYCHRL are markedly broader than under the ADA,[11] a dismissal or defense verdict in the

---

[11] Compare 42 U.S.C. § 12102(2)(a) (defining "disability" as "an impairment that *substantially limits* one or more ... major life activities') with N.Y. Exec. Law § 292(21) (defining "disability" as an "impairment ... which prevents the exercise of a normal bodily function *or* is demonstrable by medically accepted clinical or laboratory diagnostic techniques") and N.Y. City Admin. Code § 8-102(16)(a) (defining "disability" as "*any* physical, medical, mental or psychological impairment, or a history or record of such impairment") (emphasis added). See also Weissman (continued...)

State Action – for example, on the ground that Plaintiff was not "disabled" under state or city law – may very well preclude Plaintiff's federal claim in this Court. Conversely, were this Court to dismiss Plaintiff's ADA claim on summary judgment or on a Federal Rule 50 motion, Plaintiff would still have a viable claim under the broader state and city human rights laws. See Johns-Davila, 2000 WL 1725418, at *12 ("[D]ismissal of [plaintiff's] ADA claim does not automatically lead to dismissal of [plaintiff's] NYSHRL claim."). For these reasons, considerations of judicial economy and efficiency suggest that the Court should abstain from hearing this matter at this time.

The advanced progress of the State Action also provides support for abstention. On this analysis, the district court must examine "how much progress has been made in the two actions." Moses H. Cone, 460 U.S. at 21; see also De Cisneros, 871 F.2d at 309. Plaintiff filed his complaint in the State Action on or about December 10, 2003 – more than seven months before he filed here. In the State Action, as noted above, discovery has substantially completed, including the depositions of all parties and the exchange of documents and information, and is scheduled to close on November 12, 2004. In contrast, discovery has not even begun in this action. The relative progress of the State Action therefore favors abstention in this case.

---

(...continued)
v. Dawn Joy Fashions, Inc., 214 F.3d 224, 233 (2d Cir. 2000) (noting the broader definition of disability under the NYSHRL than under the ADA); Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 154 (2d Cir. 1998) (same); Johns-Davila v. City of New York, No. 99 Civ. 1885 (RMB) (AJP), 2000 WL 1725418, at *11 (S.D.N.Y. Nov. 20, 2000) ("While disability discrimination under the ADA and NYSHRL is analyzed similarly, disability is defined more broadly under [the NYSHRL.]").

Finally, Plaintiff cannot dispute that his rights will be safeguarded in the State Action. The broader definitions of disability under the NYSHRL and NYCHRL, as discussed above, provide Plaintiff with a greater likelihood of success in the State Action than in this action, and there is no relief available under the ADA that is not available to a successful plaintiff under the NYSHRL and NYCHRL.[12]

Consideration of the factors set forth in Colorado River and its progeny supports abstention in this matter. Accordingly, the Court should dismiss this action or, alternatively, stay it pending resolution of the State Action. See, e.g., Bacot v. N.Y. State Dep't of Soc. Servs., 746 F. Supp. 388, 390 (S.D.N.Y. 1990) (granting defendants' motion to stay where the concurrent state and federal actions involved identical factual allegations of discrimination, harassment and retaliation; noting that plaintiff may press his Title VII claim in the pending state action); Kent v. New York City, No. 80 Civ. 3114 (LBS), 1980 WL 261 (S.D.N.Y. Oct. 21, 1980) (staying federal action pending resolution of state court action where plaintiff brought Title VII claim in state court and then federal court; justifying the stay as a means to avoid duplicative litigation and because plaintiff filed in state court fifteen months before he filed in federal court and because of the advanced progress of the state court proceedings).[13]

---

[12] Back pay, front pay, reinstatement, compensatory damages, punitive damages, and attorneys' fees are all available to Plaintiff on his state and/or city law claims. See N.Y. Exec. Law §§ 297(4)(c)(ii), (iii); N.Y. City Admin. Code §§ 8-120(a)(2), 8-502(f).

[13] Defendants note that the decisions in Gregory v. Daly, 243 F.3d 687 (2d Cir. 2001), and Woodford v. Cmty. Action Agency of Greene County, Inc., 239 F.3d 517 (2d Cir. 2001), are inapposite and do not favor the exercise of jurisdiction here. In Gregory, the defendant merely argued the "bare fact" that if the case proceeded, it would result in duplicative proceedings. 243 F.3d at 702. In this case, Defendants have presented several arguments in favor of abstention, including that the State Action has progressed significantly more than this action and that resolution of the State Action could have preclusive effect here. Woodford is similarly distinguishable because there was no showing in that case that the proceedings in the state action had "significantly advanced." 239 F.3d at 524. Woodford is also not instructive because the
(continued...)

II

**THE COURT SHOULD DISMISS PLAINTIFF'S REASONABLE ACCOMMODATION CLAIM BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

The Court should dismiss Plaintiff's claim for failure to provide a reasonable accommodation because Plaintiff did not raise this claim or any claim "reasonably related" to it in the EEOC Charge. Butts v. City of New York Dep't of Hous., 990 F.2d 1397, 1401 (2d Cir. 1993). A district court may only decide claims brought under the ADA after a plaintiff has exhausted his administrative remedies. See, e.g., Cooney v. Consol. Edison, 220 F. Supp. 2d 241, 253 (S.D.N.Y. 2002) ("Because exhaustion of administrative remedies is a prerequisite to suit under the ADA, the Court would lack jurisdiction to hear [newly raised] claims."). Under this principle, the Court may only hear claims that were raised in the EEOC Charge or are "reasonably related" to the allegations in the EEOC Charge. Butts, 990 F.2d at 1401. A claim is "reasonably related" to confer jurisdiction where the claim raised in the civil action "would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (quotations omitted).

Plaintiff never raised an accommodation claim in his EEOC Charge; nor did he raise anything "reasonably related" to such a claim.[14] Indeed, the EEOC Charge does not mention anywhere MMC's alleged failure to accommodate Plaintiff's alleged disability. Further, it does not describe any request for an accommodation related to his alleged disability. The

(...continued)

decision was based in part on the plaintiffs' agreeing to stay or withdraw their overlapping state-court claims. Id. at 525-526. Finally, unlike in this case, the plaintiffs in Woodford requested greater relief in the federal actions, and adjudication of the state actions would not have resolved the federal claims. Id. at 524.

[14] See Ex. 3 to Gurman Aff.

gravamen of the EEOC Charge is that MMC terminated Plaintiff's employment because of his alleged disability.[15]

Courts routinely hold that a claim for failure to accommodate a disability "could not be reasonably expected to grow out of the initial EEOC charge of disability based employment discharge." Huskins v. Pepsi Cola of Odgensburg Bottlers, 180 F. Supp. 2d 347, 353 (N.D.N.Y. 2001) (refusing to consider accommodation claim where plaintiff did not raise it in his EEOC charge); see also Romain v. Ferrara Bros. Bldg. Materials Corp., No. 97-CV-4001 (FB), 2004 WL 1179352, at *3 (E.D.N.Y. May 28, 2004) (dismissing plaintiff's accommodation claim where he alleged in his EEOC charge that he was terminated in violation of the ADA but did not allege that he requested an accommodation; plaintiff's accommodation claim could not "be reasonably expected to grow out of the initial EEOC charge, and it is therefore not properly before the court.").[16] Accordingly, the Court should dismiss that part of Plaintiff's ADA claim seeking relief for failure to provide a reasonable accommodation.

---

[15] Notably, the statute of limitations to amend the EEOC Charge to add a claim of failure to provide a reasonable accommodation has expired, as more than 300 days have passed since Plaintiff's last day of employment with MMC (the latest date on which a failure to accommodate could possible have occurred). See 42 U.S.C. § 12177(a); Tewksbury v. Ottaway Newspapers, 192 F.3d 322 (2d Cir. 1999).

[16] Accord Green v. Nat'l Steel Corp., 197 F.3d 894, 898 (7th Cir. 1999) (rejecting plaintiff's claim for failure to accommodate where plaintiff did not allege this claim in her charge; "Even assuming that [defendant] did fail to accommodate [plaintiff's] alleged disability, that has nothing to do with her complaint that she was wrongfully terminated."); Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997) (barring plaintiff's accommodation claim where her charge did not mention any failure to accommodate the limitations caused by her disability); Jones v. Sumser Ret. Vill., 209 F.3d 851, 853-854 (6th Cir. 2000) (holding that plaintiff failed to exhaust administrative remedies where the charge "specifically alleged only a termination claim .... [which] differs in kind and date from an accommodation claim."); Mayers v. Washington Adventist Hosp., 131 F. Supp. 2d 743, 747 (D. Md. 2001) (holding that where the EEOC "charge is completely devoid of any reference to [plaintiff's] alleged request for accommodation ...., the Court cannot find that the EEOC charge encompassed a claim for failure to make reasonable accommodations."); Rohan v. Networks Presentation LLC, 175 F. Supp. 2d

(continued...)

## III

## THE COURT SHOULD DISMISS THIS ACTION AGAINST BIELER AND BARTLEY BECAUSE THERE IS NO INDIVIDUAL LIABILITY UNDER THE ADA

It is well settled in the Second Circuit that there is no right of recovery against individual defendants under the ADA. See, e.g., Corr v. MTA Long Island Bus, 27 F. Supp. 2d 359, 370 (E.D.N.Y. 1998) (dismissing plaintiff's ADA claim against defendants in their individual capacities), aff'd, 199 F.3d 1321, 1999 WL 980960, at *2 (2d Cir. Oct. 7, 1999) (table decision) ("[T]here is no right of recovery against individual defendants under the ADA."); Johnson v. City of New York, 326 F. Supp. 2d 364, 368 n.2 (E.D.N.Y. 2004) (dismissing claims against individual defendants because "there is no right of recovery against individual defendants under the ADA"); Santos v. City of New York, No. 01 Civ. 0120 (SAS), 2001 WL 1568813, at *1 n.1 (S.D.N.Y. Dec. 7, 2001) (dismissing individual defendants from ADA action); Cerrato v. Durham, 941 F. Supp. 388, 395 (S.D.N.Y. 1996) (noting that "[w]hile the Second Circuit has not yet addressed individual liability in the context of an ADA claim, the court's holding in Tomka [v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995), rejecting individual liability under Title VII] clearly mandates the rejection of personal liability under the ADA").

Because no action could lie against Bartley or Bieler as a matter of law, the Court should dismiss this action as against them.

---

(...continued)

806, 810-811 (D. Md. 2001) (dismissing failure to accommodate claim where plaintiff alleged termination in violation of the ADA but did not mention in the charge a failure by her employer to accommodate her disabilities).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion for an Order pursuant to Rule 12(b) of the Federal Rules (1) dismissing or, alternatively, staying this action in its entirely until final adjudication of Plaintiff's concurrent state court action, (2) dismissing that part of Plaintiff's claim seeking relief for failure to provide a reasonable accommodation, (3) dismissing Plaintiff's claim as against the individual defendants, and (4) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 28, 2004

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: Allan S. Bloom (AB-4125)
    Andrew L. Gurman (AG-2086)
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD STALL,

Plaintiff,

v.

MARSH & MCLENNAN CO.,
MATTHEW BARTLEY and ALAN BIELER,

Defendants.

04 Civ. 5781 (VM)

**CERTIFICATE OF SERVICE**

The undersigned member of the Bar of this Court hereby certifies that, on September 28, 2004, he caused to be served a true and correct copy of the following attached document: **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS**, by UPS Overnight Mail upon: Harvey S. Mars, Esq., Law Offices of Harvey S. Mars LLC, 322 West 48th Street, 6th Floor, New York, N.Y. 10036.

Dated: New York, New York
September 28, 2004

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: Andrew L. Gurman (AG-2086)
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*